**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JONEARL SMITH, ) <br> ) <br> Defendant. ) <br> ) | **CRIMINAL ACTION** <br><br> No. 06-10237-01 |

**MEMORANDUM AND ORDER NUNC PRO TUNC**

Before the court are the following:

1.  Defendant's supplemental memorandum (Doc. 64);

2.  Defendant's second supplemental memorandum (Doc. 82);

3.  Government's response (Doc. 85); and

4.  Defendant's reply (Doc. 86).

In addition to these submissions, the court has considered other relevant documents in the file as well as the testimony received at the March 29, 2010 hearing.

Background

The facts giving rise to defendant's conviction and sentence are correctly set forth in the parties' submissions and, in any event, are not in dispute because they are matters of record. The facts which are in dispute are relatively few. Summarized, defendant asserts that he would not have pled guilty had his retained counsel fully advised him of the terms of his plea agreement and its potential effects in the multi-defendant RICO case in which defendant then was a suspect, United States v. Prentice Byrd, et al., Case No. 07-10142-JTM. He argues that counsel's failure amounted to ineffective assistance and

as a result his conviction and sentence should be set aside. The government responds that defendant was not forthcoming with his counsel regarding his potential involvement in the RICO case and therefore counsel was not ineffective when he advised defendant to enter pleas of guilty in this case. It also asserts that defendant has failed to prove he has suffered prejudice. The court will expand on these positions as appropriate, infra.

### Contents of the Plea Agreement

Defendant pled guilty pursuant to a written plea agreement which includes a paragraph waiving his right to file a 2255 motion (Doc. 33 at 5). The waiver paragraph contains the Cockerham exception that a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea. United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).

The plea agreement also includes a provision regarding the government's agreements. The government agreed to recommend that defendant receive acceptance of responsibility credit and he was given that credit at sentencing. The agreement also stated that there was no relevant conduct (Doc. 33 at 4).

The plea agreement did not include the standard or "boilerplate language" that the government would not file any additional charges against defendant arising out of the charges to which he was pleading guilty. This omission is now the focus of defendant's motion because counts 1, 2 and 3 of the indictment in this case (Doc. 18) became the basis for racketeering acts 30, 31 and 36 in the RICO indictment as well as counts 2 and 28 charging RICO conspiracy and conspiracy to

distribute crack cocaine (Case No. 07-10142, Doc. 591). Defendant sought to have the charges in the RICO case dismissed on the basis of his plea and conviction in this case but was unsuccessful. After a lengthy trial he was found guilty of counts 2 and 28 in the RICO case.

## Applicable Law

To establish ineffective assistance, a defendant must show that his retained counsel's performance "fell below an objective standard of reasonableness" which resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 688 (1984). To be valid, a defendant's plea must be made with "sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005), in particular the direct consequences, United States v. Hurlich, 293 F.3d 1223, 1230-31 (10th Cir. 2002). In this case, defendant must show a reasonable probability that but for his retained counsel's errors, he would not have pled guilty. Hill v. Lockhart, 74 U.S. 52, 59 (1985).

Before defendant entered his guilty pleas, he was the subject of two investigations by the U.S. Attorney. One was this case; the other was the RICO case. Defendant's counsel knew that the government intended to file the RICO case and told the AUSAs that defendant did not want to cooperate in either case. Counsel was not familiar with the RICO case and was not aware that the charges in this case could also be used as predicate acts in the RICO indictment. Counsel and defendant hoped that defendant would not be charged in the RICO case. Counsel advised defendant to plead guilty in this case.

At the time of the pleas, defendant's counsel, who has represented many defendants in this court and who is very familiar

-3-

with the "boilerplate language," did not realize that the language was absent from defendant's plea agreement when he discussed the agreement with defendant. He first became aware of its absence when he was appointed to represent defendant in the RICO case. Had he noticed its absence, he would have discussed that with defendant.

At this point, defendant's version somewhat diverges from his former counsel's. Defendant claims that he would not have entered his plea had he known of the absent "boilerplate language." Defendant testified that counsel told him the plea agreement in this case would protect him from being charged in the RICO case: ". . . he told me that I would be protected from any conduct that happened prior to the date of me signing the plea agreement, including the RICO."

The government responds that even if defendant's counsel had made him aware that the offense conduct giving rise to his convictions in this case could be used against him in the RICO case, and even if that information would have caused defendant to refuse to plead guilty in this case, defendant has not met his burden to show prejudice because the same conduct could have been used as predicate acts in the RICO case. As a matter of law, this is true, but it is not dispositive. The government also asserts that defendant did not tell his retained counsel that he was a Crips gang member (the RICO case involved the Crips) and that had defendant been forthcoming with his counsel, "counsel might have advised defendant to go to trial." This is just speculation.

The government obviously does not believe defendant's testimony that he would not have pled guilty. But the government's problem is that there is no evidence to rebut or cast serious doubt on that

-4-

testimony. The court does not place a lot of credence in defendant's testimony that counsel affirmatively assured him that the plea agreement protected him. The court respects defendant's former counsel and instead accepts his testimony that he was unaware of the language's absence until he was representing defendant in the RICO case–after defendant had been sentenced in this case. This is a tough admission to have to make. But under <u>either</u> scenario, defendant was not fully and properly advised; in other words, there was a failure of communication between defendant and his counsel on a very material issue.

### <u>"What We've Got Here Is Failure to Communicate"[1]</u>

This is an unfortunate case whose outcome could have been easily avoided by better communication. Because of the discussions regarding defendant's potential cooperation, the AUSAs presumably made it clear to defendant's retained counsel that defendant would be charged in <u>both</u> cases if he refused to cooperate. But even if they didn't, defendant's counsel could have, and should have, inquired about the government's charging intentions rather than relying on the "hope" that defendant would not be charged in the RICO case if he refused to cooperate (a somewhat unrealistic hope, at best). Even in the absence of such conversations before the plea agreement was negotiated, defendant's former counsel should have recognized and appreciated the significance of the absence from the plea agreement of the "boilerplate language" and questioned the AUSA about the reason for its absence and then discussed the matter with defendant before

---

[1]Strother Martin's famous line from the 1967 film Cool Hand Luke.

-5-

defendant entered his pleas. As a result, he did not, and could not, fully advise defendant regarding the terms of the plea agreement and the effect that a plea could have in the event defendant was charged in the RICO case. Under the circumstances, this was ineffective assistance which prejudiced defendant.

## Conclusion

Defendant's motion is sustained. His conviction and sentence are set aside. The clerk will set the case for trial.

IT IS SO ORDERED.

Dated this ___19th___ day of July 2010, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE