**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JONEARL B. SMITH, )<br>)<br>Defendant. )<br>) | **CRIMINAL ACTION**<br><br>No. 06-10237-01 |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion to dismiss (Docs. 101, 102);

2. Government's response (Docs. 104, 105); and

3. Defendant's reply (Doc. 106).

History

The parties and counsel are very familiar with the underlying history and facts. Defendant contends that the drug charges in this case should be dismissed because of the charges and his conviction in a RICO case tried before another judge of this court, <u>United States v. Jermall Campbell, et al.</u>, 07-cr-10142. Defendant is appealing his conviction but the nature of his claims on appeal are not mentioned in the aforesaid submissions and presumably are not relevant to any of the issues in this case. Neither party has requested an evidentiary hearing and the court concludes that a hearing is not necessary.

The indictment in this case charges defendant with distribution of powder cocaine on June 14, distribution of crack cocaine on June 16 and possession with intent to distribute crack cocaine on October

19, 2006 (Doc. 18). These same three drug crimes were identified in count 1 of the underlying RICO case as racketeering acts 30, 31 and 36 charging a substantive violation of 18 U.S.C. § 1962(c). Numerous individuals in addition to defendant were charged in count 1 which alleged a total of 43 racketeering acts. The jury was instructed at length regarding the elements of 18 U.S.C. § 1962(c) (Doc. 1216 at 35-70) but after deliberation, the jury was unable to agree and ultimately a mistrial was declared with respect to count 1.

Count 2 of the RICO case charged defendant, and others, with RICO conspiracy in violation of 18 U.S.C. § 1962(d). Several violations of both federal and state law were alleged, including 21 U.S.C. §§ 841 and 846. The objective of the RICO conspiracy was distribution of in excess of 50 grams of crack cocaine. The jury convicted defendant. (Doc. 122 at 2).

Count 28 of the RICO case charged defendant, and others, with a straight drug conspiracy to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. The conspiracy was alleged to have begun on an unknown date and to have continued through June 27, 2007. The RICO jury was given the customary drug conspiracy instructions (Doc. 1216 at 18-20) and ultimately returned a verdict of guilty. As to count 28 only, the jury answered a special question that the amount of cocaine (sic) that was the subject of the conspiracy was 50 grams or more (Doc. 1223 at 2).

### The Parties' Positions

Defendant asserts that this case should be dismissed based upon double jeopardy and collateral estoppel grounds. The government opposes defendant's motion.

-2-

### Double Jeopardy

Defendant's initial double jeopardy argument is that the drug offenses charged in this case are the same as racketeering acts 30, 31 and 36 of count 1 (the substantive RICO count) of the prior case and "presumably" were part of the evidence introduced on both the RICO and drug conspiracy counts. He concludes that he already has been found guilty of these predicate acts by virtue of his convictions on the RICO and drug conspiracy counts. Defendant relies on Blockburger v. United States, 284 U.S. 299 (1932) and United States v. Dixon, 509 U.S. 688 (1993) each of which discuss the so-called "same elements test." Defendant asserts that ". . . a RICO case conclusively resolves **all** issues in a subsequent drug distribution case when the drug distribution charges constituted the predicate acts in the prior RICO case." (Doc. 106 at 4, emphasis in original). Defendant cites no fact-specific case for this proposition.

Even if the court assumes, for purposes of argument, that evidence will be offered pertaining to the charges in this case which also was evidence in the RICO case, that fact, standing alone does not raise a double jeopardy concern. "The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove the conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding." Grady v. Corbin, 495 U.S. 508, 110 S. Ct. 2084, 2093, 109 L. Ed. 2d 548 (1990), citing Dowling v. United States, 110 S. Ct. 668 (1990).

The conduct the government will seek to prove in this case, substantive instances of drug dealing, is different than conspiracy.

-3-

Moreover, the elements of the counts of conviction, i.e., RICO and drug conspiracy, are dramatically different than the elements which would be instructed upon in this case. Compare, for example, the elements of 1962(d) set forth in United States v. Smith[1], 413 F.3d 1253, 1266[2] (10th Cir. 2005) and the elements of 21 U.S.C. § 846 (Tenth Circuit pattern instruction 2.87) with the elements of possession with intent to distribute controlled substances and distribution of controlled substances (Tenth Circuit pattern instructions 2.85 and 2.85.1). Defendant has made no such comparison for the purpose of showing that the elements are the same. Clearly, they are not.

The court rejects defendant's first double jeopardy argument.

## Lesser Included Offenses

Defendant's next double jeopardy argument is that the charges in this case are lesser included offenses of the RICO and drug conspiracy charges because ". . . in order to convict Mr. Smith of a violation of 18 U.S.C. § 1962(d) and 21 U.S.C. §§ 846 and 841(a)(1) the government had to prove that Mr. Smith did, in fact, violate 21 U.S.C. §§ 841(a)(1) on three separate occasions." (Doc. 102 at 7). Defendant cites Brown v. Ohio, 432 U.S. 161 (1977) which states that whether the conviction of the greater offense precedes the conviction of the

---

[1] Abrogated on different grounds by United States v. Hutchinson, 573 F.3d 1011 (10th Cir. 2009).

[2] "[W]e hold that in order to convict a defendant for violating § 1962(d), the Government must prove beyond a reasonable doubt that the defendant: (1) by knowing about and agreeing to facilitate the commission of two or more acts (2) constituting a pattern (3) of racketeering activity (4) participates in (5) an enterprise (6) the activities of which affect interstate or foreign commerce."

lesser, or vice versa, the Fifth Amendment forbids successive prosecutions for a greater and lesser included offense. Defendant does not cite, however, any fact-specific case which holds, or even suggests, that the drug charges in this case are lesser included offenses of the charges in the RICO case.

Turning first to a comparison between defendant's drug conspiracy conviction and the charges in this case, it well-established that charging a substantive offense and a conspiracy to commit the same substantive offense, whether charged in the same or successive indictments, does not raise a double jeopardy bar. United States v. Pursley, 474 F.3d 757, 769 (10th Cir. 2007), cert. denied, 128 S. Ct. 47. The substantive crimes of possession with intent to distribute and distribution of drugs are not lesser included offenses of conspiracy to commit those crimes. United States v. Horn, 946 F.2d 738, 744 (10th Cir. 1991).

The same would seem to hold true for RICO. "[T]he government may prosecute successively a conspiracy and the substantive offenses it encompasses. This rule has been interpreted to allow prosecution of a defendant once for a RICO conspiracy and thereafter for the predicate offense constituting a pattern of racketeering activity." United States v. Saccoccia, 18 F.3d 795, 798 (9th Cir. 1994), cert. denied, 116 S. Ct. 1322 (1996)(citing United States v. Esposito, 912 F.2d 60, 66 (3d Cir. 1990), cert. dismissed, 111 S. Ct. 806 (1991)). Although the court has been unable to find a case with exactly the same facts as here, the general rule appears to be that predicate acts are not considered lesser included offenses. See United States v. Marino, 277 F.3d 11, 39 (1st Cir. 2002), cert. denied, 122 S. Ct. 2639

-5-

(2002). Defendant has cited no case which suggests otherwise.

## Collateral Estoppel

Defendant's last argument is that the charges in this case are barred by the doctrine of collateral estoppel.

The Double Jeopardy Clause incorporates the doctrine of collateral estoppel, which can apply in criminal cases, even those involving a prior acquittal (which is not the situation here). The burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding. Dowling v. United States, 493 U.S. 347 (1990).

Defendant's "impossibility" argument, supra, does not satisfy his burden. As previously noted, count 2 of the RICO case charged a violation of 18 U.S.C. § 1962(d). More than forty racketeering acts were charged. Defendant was charged in only three. The judge instructed the jury, inter alia, that the government need not prove a defendant actually committed two racketeering acts (Doc. 1216 at 71-72). Defendant does not argue here that the instruction was erroneous. So under the court's instruction, defendant could have been convicted of RICO conspiracy if he agreed that someone, not necessarily himself, would commit at least two of the racketeering acts. In other words, not only did the jury not have to determine that defendant committed any of the predicate acts which form the basis for the charges in this case, it was legally acceptable for the jury to have convicted defendant of RICO conspiracy without finding that he committed any of the three predicate acts.

Even if defendant had been acquitted of RICO conspiracy, he has

not demonstrated that collateral estoppel bars the present charges.[3] Successive prosecutions of a RICO conspiracy and thereafter for the predicate offenses does not violate double jeopardy and, by extension, the doctrine of collateral estoppel. United States v. Saccoccia, supra, and United States v. Johnson, 977 F.2d 1360 (10th Cir. 1992), cert. denied, 113 S. Ct. 1024 (1993).

## Conclusion

Defendant's motion to dismiss is overruled.

IT IS SO ORDERED.

Dated this   15th   day of February 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[3] Even when a defendant is ordered acquitted of a substantive charge, collateral estoppel does not bar a subsequent trial on charges of conspiracy to commit the substantive offense. United States v. Wittig, 575 F.3d 1085 (10th Cir. 2009).